Maurice O. SAWYER et al., Appellants,

v.

UNITED STATES of America,
Appellee.

No. 16518.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 12, 1962.

Decided Jan. 25, 1962.

———————

Mr. Barrington D. Parker, Washington, D. C., with whom Mr. George A.

Parker, Washington, D. C., was on the brief, for appellants.

Mr. Abbott Leban, Asst. U. S. Atty., for appellee. Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, Joseph M. Hannon and Dennis D. Duffy, Asst. U. S. Attys., were on the brief, for appellee. Messrs. Charles T. Duncan, Principal Asst. U. S. Atty., and Donald S. Smith, Asst. U. S. Atty., also entered appearances for appellee.

Before WILBUR K. MILLER, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiffs [appellants] from a final judgment in favor of defendant [appellee] in a Federal Tort Claims Act proceeding. After an extensive trial, the trial judge entered findings of fact, conclusions of law, and judgment of dismissal on the merits.

On this appeal, appellant tells us that the basic question is "whether or not the appellants presented to the Trial Court a preponderance of evidence to prove that an agent of the appellee failed to act as a reasonable and prudent man, under all circumstances, with respect to a duty owed to the appellants; and whether or not the appellee's conduct amounted to negligence as a matter of law and that such negligence was the proximate cause of the accident." Appellants' counsel earnestly contends that the answer should be in the affirmative.

Our examination of the record convinces us that the findings of the District Court were not "clearly erroneous."[1] There was conflicting evidence, it is true, but there was certainly adequate basis for the court's findings.

Certain subsidiary grounds are urged for reversal, among them that the trial judge erred in not applying the "last

1. Fed.R.Civ.P. 52(a), 28 U.S.C.A.: "*Effect.* In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * * "

clear chance" doctrine and also erred in denying appellants' proffer and motion to amend the pre-trial statement.

We have examined all claimed errors and find no error affecting substantial rights.

Affirmed.